J-S31016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAMONT FULTON | : | |
| | : | |
| Appellant | : | No. 691 EDA 2025 |

Appeal from the PCRA Order Entered February 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0413241-2002

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED NOVEMBER 14, 2025**

Appellant, Lamont Fulton, appeals *pro se* from the February 28, 2025 order entered in the Philadelphia Court of Common Pleas that dismissed as untimely his serial *pro se* petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Upon review, we affirm.[1]

The relevant factual and procedural history is as follows. On March 10, 2006, after a bench trial, the trial court convicted Appellant of one count of First-Degree Murder but mentally ill and two counts of Possessing Instruments of Crime for the beating death of his girlfriend, Felicia Brockenbrough ("Victim"). On May 8, 2006, the court sentenced Appellant to an aggregate sentence of life imprisonment. On November 16, 2007, this court affirmed Appellant's judgment of sentence and on August 11, 2010, the Pennsylvania

_____

[1] We also deny Appellant's June 12, 2025 Application for Remand.

Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Fulton*, 944 A.2d 791 (Pa. Super. 2007) (non-precedential decision), *appeal denied*, 3 A.3d 670 (Pa. 2010).

On January 30, 2024, more than thirteen years after his judgment of sentence became final, Appellant *pro se* filed the instant serial PCRA petition averring the newly discovered fact that, over ten years prior to her murder, Victim disclosed to police that individuals were making threats against her life. Specifically, Appellant averred that Victim witnessed a 1993 kidnapping resulting in murder and subsequently made a statement to police that "Owen" informed her that people were going to "shoot at" her because she "set up" the kidnappers and "can describe the guys who did it." PCRA Pet., 1/30/24, at ¶ 8. Appellant argued that this evidence demonstrated that other people were intending to harm Victim and thus, someone other than Appellant could have murdered Victim. PCRA Pet. at ¶ 10.

Appellant attached a transcript of that police interview as an exhibit to his petition and explained that the Commonwealth did not provide him with Victim's police interview for his trial that was included in the record in the unrelated kidnapping/murder case. *Id.* at ¶ 14, Exhibit 2. Appellant relied on this fact to invoke both the newly discovered fact and government interference exceptions to the PCRA time-bar and argued that this fact constituted exculpatory *Brady*[2] material. PCRA Pet. at ¶ 10.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

On September 17, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing, finding that it lacked jurisdiction to review the underlying merits of Appellant's claims because the PCRA petition was untimely and Appellant failed to assert an applicable timeliness exception.

On October 8, 2024, Appellant filed a *pro se* response. In his response, Appellant contended that the PCRA court, in its Rule 907 notice, mischaracterized the newly discovered fact that he pleaded. Response, 10/8/24, at ¶ 9. Appellant reiterated that his PCRA petition alleged that Victim provided police officers with information in an unrelated murder investigation and, in her statement, Victim revealed that there had been threats against her life as a result of her cooperation. *Id.* at ¶ 3.

On February 28, 2025, the PCRA dismissed Appellant's PCRA petition as untimely. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Appellant's PCRA petition met the jurisidictional requirements of 42 Pa.C.S. § 9545(b)(1)(i) & (ii); the lower court erred and abused its discretion in finding otherwise.

2. The lower court erred and abused its discretion in denying Appellant an evidentiary hearing.

Appellant's Br. at 3.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "We give no such deference, however, to the court's legal conclusions." ***Commonwealth v. Smith***, 167 A.3d 782, 787 (Pa. Super. 2017).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Hanible***, 612 Pa. 183, 204, 30 A.3d 426, 438 (Pa. 2011) (citation omitted).

As a preliminary matter, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008). Pennsylvania law is clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003). In order to obtain relief under the PCRA, a petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed almost two years after his judgment of sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the time-bar set forth in Section 9545(b)(1), including the government interference, newly discovered fact, and new constitutional right exceptions. Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).

To satisfy the newly discovered facts exception, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). Our Supreme Court has held that this exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***."* *Id.* at 1272 (internal quotation marks omitted; emphasis in original), citing 42 Pa.C.S. § 9545(b)(1)(ii).

Due diligence requires a petitioner to make reasonable efforts to uncover facts that may support a claim for collateral relief. *Commonwealth v. Brensinger,* 218 A.3d 440, 449 (Pa. Super. 2019)*.* A petitioner must explain why he could not have learned the new facts earlier by exercising due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Finally, "[w]hile the law provides that [an a]ppellant need not provide a nexus

between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim." ***Commonwealth v. Fears***, 250 A.3d 1180, 1189 (Pa. 2021).

The government interference exception requires proof that "the failure to raise the claim previously was the result of interference by government officials[.]" 42 Pa.C.S. § 9545(b)(1)(i). ***See also Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). This requires the petitioner to show that, due to the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021) (citation omitted).

\* \* \*

In his *pro se* brief to this Court, Appellant avers that the trial court erred when it concluded that Appellant failed to plead and prove the newly discovered fact exception pursuant to Section 9545(b)(1)(ii). Appellant's Br. at 3, 7, 19-20. Appellant asserts that he satisfied the "unknown fact" prong by pleading that Victim's statement was unknown to him until he was informed of its existence by the "prison's law clerk," who had just seen Victim's name in another case. ***Id.*** at 19. Appellant further contends that he satisfied the "due diligence" prong by explaining in detail all his efforts to obtain a copy of Victim's police interview from the Office of Judicial Records. ***Id.*** at 20.

In its Rule 1925(a) opinion, the PCRA court categorizes the Philadelphia Police Department's record of Victim's out-of-court statement as inadmissible double hearsay and concludes that it does not satisfy the newly discovered

fact time-bar exception. Trial Ct. Op. at 3 n.3 (unpaginated). We agree. Our Supreme Court has repeatedly held that:

> evidence which purportedly reveals that someone other than [the petitioner] committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the newly[]discovered fact exception to the timeliness requirement, nor would such a claim, even if timely, entitle the petitioner to relief under the PCRA.

***Commonwealth v. Brown***, 141 A.3d 491, 501 (Pa. Super. 2016) (quoting ***Commonwealth v. Yarris***, 731 A.2d 581, 592 (Pa. 1999)). Accordingly, we discern no abuse of discretion.

\* \* \*

Appellant also asserts that the PCRA court erred when it concluded that Appellant failed to plead and prove the governmental interference exception pursuant to Section 9545(b)(1)(ii). Appellant's Br. at 3. We disagree.

In its opinion, the PCRA court emphasized that Appellant failed to provide evidentiary support to substantiate his assertion that the Commonwealth withheld Victim's statement or interfered with Appellant receiving the statement. PCRA Ct. Op. at 2 (unpaginated). The PCRA court opined, "[Appellant]'s contention that the Commonwealth concealed [Victim]'s statement relies on nothing beyond a bald assertion, a single sentence averring in non-specific terms that the Commonwealth suppression occurred." ***Id.*** at 3 (unpaginated). We agree that this bald assertion, without more, does not overcome the PCRA time-bar.

In sum, the PCRA court did not abuse its discretion when it concluded that Appellant failed to plead and prove an exception to the PCRA time-bar and, thus, dismissed Appellant's petition as untimely. We, like the PCRA court, lack the jurisdiction to entertain the merits of these claims.

Order affirmed. Application for Remand denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2025